IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-01204-WJM-CBS

CHERYL SUNDINE, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

CLIFF HARRIS, and
BRIAN MILLS,

    Defendants.

## ORDER DIRECTING FURTHER BRIEFING

This matter is before the Court on Defendants' Motion to Dismiss Complaint for Lack of Jurisdiction, or in the Alternative, to Stay on Abstinence Grounds (the "Motion"). (ECF No. 44.) Plaintiffs have filed a Response (ECF No. 52), and Defendants have filed a Reply (ECF No. 58).

In the Motion, Defendants argue that Plaintiffs should be precluded from maintaining this action on the grounds of res judicata and collateral estoppel, or alternatively that this action should be stayed on abstinence grounds. Defendants' arguments are based on the existence of a similar case filed in this district in 2009, *Bass v. PJCOMN Acquisition Corp. et al.*, No. 09-1614-REB-MEH (the "*Bass* action"). In the *Bass* action, Plaintiffs sought to amend their complaint in February 2011 to add the above-named Defendants. After the U.S. Magistrate Judge assigned to the *Bass*

action issued a Recommendation that Plaintiffs' motion to amend be denied, Plaintiffs filed this separate action.

The Court concludes that further briefing is necessary on Defendants' Motion. Specifically, the parties' briefing has not addressed the issue of whether this action should be dismissed on the potentially applicable ground of claim-splitting, a doctrine recognized by the Tenth Circuit. *See, e.g.*, *Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011); *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982 (10th Cir. 2002). The parties have also failed to sufficiently address a particular aspect of the claim-splitting doctrine: whether defendants in the *Bass* action are in privity with Defendants in this action. *See Hartsel Springs Ranch*, 296 F.3d at 987-88 (discussing privity in context of claim-splitting); *see also Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1230 (10th Cir. 2005) (discussing privity in related context). The Court will require the parties to file supplemental briefs addressing these two issues.

The Court also notes that the *Bass* action has now been administratively closed pending approval of the U.S. Bankruptcy Court for the District of Maryland of a settlement entered into between the parties in the *Bass* action.[1] Thus, the Court also requests briefing from the parties addressing the effect, if any, on this action from (1) the settlement between the parties in the *Bass* action, and (2) the administrative closure of the *Bass* action.

---

[1] The record in that action reflects that one of the Defendants in that action filed for bankruptcy in the District of Maryland.

In accordance with the foregoing, the Court hereby ORDERS the parties to file supplemental briefs on or before May 8, 2012 (one brief per side), which address the following issues:

(1) Whether this action should be dismissed on the ground of claim-splitting;

(2) Whether Defendants in this action are in privity with the defendants in the *Bass* action (for purposes of claim-splitting); and

(3) The effect, if any, on this action from (a) the settlement between the parties in the *Bass* action, and (b) the administrative closure of the *Bass* action.

Each brief shall not exceed 12 pages, exclusive of attorney or party signature block(s) and the certificate of service, and shall comply with D.COLO.LCivR 10.1.  No response or reply briefs will be permitted.

SO ORDERED.

Dated this 24th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge